IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


BERNIE LUJAN,

        Plaintiff,

v.                                          CIV 98-0647 MV/KBM

ROBIN OTTEN, et al.,

        Defendants.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT

This matter is before the Court on Plaintiff's Motion to Enforce the Settlement Between the Parties *(Doc. 45)*. Having considered the arguments, pleadings and relevant law, I recommend that the motion be denied for lack of jurisdiction.

After holding an evidentiary hearing, on January 26, 2000 I found that the parties had reached a settlement agreement mediated by Magistrate Judge William W. Deaton. I recommended to the District Judge that she find the agreement to be enforceable, with the exception that Plaintiff Lujan should not be required to continue his employment with the Postal Service "to bridge the gap" in service under the agreement. Despite several extensions of the time to file objections to my proposed findings and recommended disposition, no objections were filed. Indeed, Plaintiff's counsel acknowledges that by letter he informed my chambers that "Plaintiff waived any rights to dispute a final order adopting [my] recommended disposition." *Plaintiff's Memo in Support at 5*.

On June 6, 2000, District Judge Martha Vázquez adopted the proposed findings and

recommended disposition, and entered a Rule 58 Final Order in this matter dismissing the action

with prejudice (Doc. 43.)  Plaintiff now contends for the first time that the written settlement

agreement does not accurately reflect how Mr. Lujan's benefits should be calculated, and asks

that the Court engage in yet another evidentiary hearing to determine the intent of the parties and

whether Defendants are in breach of that term of the agreement.

Plaintiff correctly notes that a federal court retains "inherent power to enforce its

judgments."  *See Peacock v. Thomas*, 516 U.S. 349, 356-57 (1996).  This power is not without

limitation, however.

> The United States Supreme Court recently considered the
> jurisdiction of district courts to enforce settlement agreements in
> dismissed cases. *Kokkonen v. Guardian Life Ins. Co. of America*,
> 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).   The
> Court held that, once the parties to a lawsuit have settled and the
> district court has dismissed the case, the district court does not
> have ancillary jurisdiction to enforce the parties' settlement
> agreement. *Id.* at [381], 114 S.Ct. at 1677.  A district court can,
> however, retain jurisdiction over a settlement agreement if the order
> of dismissal shows an intent to retain jurisdiction or incorporates
> the settlement agreement. *Id.*

*Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  As the Supreme Court explained

in *Kokkonen,*

> The judge's mere awareness and approval of the terms of the
> settlement agreement do not suffice to make them part of his order.
> The short of the matter is this:  The suit involves a claim for breach
> of a contract, part of the consideration for which was dismissal of
> an earlier federal suit.  No federal statute makes that connection (if
> it constitutionally could) the basis for federal-court jurisdiction over
> the contract dispute.  The facts to be determined with regard to
> such alleged breaches of contract are quite separate from the facts
> to be determined in the principal suit, and automatic jurisdiction
> over such contracts is in no way essential to the conduct of federal-
> court business.  If the parties wish to provide for the court's

enforcement of a dismissal-producing settlement agreement, they can seek to do so. . . . [w]e think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen,* 511 U.S. 375 at 381-82

Plaintiff requests that the final order of dismissal now be amended to permit this Court to retain continuing federal jurisdiction to assure compliance with the settlement agreement. Such a motion to amend or alter judgment under Fed. R. Civ. P. 59 must be brought within ten days after entry of judgment, however. Moreover, Plaintiff's request is a tacit admission that Judge Vázquez' Rule 58 Final Order of Dismissal enforced the agreement requiring dismissal of the federal litigation in exchange for the Defendants' *promises* contained in the binding settlement contract. Plaintiff's proposed amendment seeks to "retroactively" interpose continuing federal jurisdiction when it was not originally contemplated by either the parties or the court. A litigant's motivation to end federal litigation by entering into binding settlements may be compromised if a party could be subjected to unplanned continuing oversight of the settlement by the court.

Having found that this action was properly dismissed with prejudice pursuant to a binding settlement and that there is no independent basis for federal jurisdiction, I recommend that the district judge find that enforcement of the settlement agreement is for the state court.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Enforce the Settlement Between the Parties *(Doc. 45)* be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF**

**SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file

written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A**

**party must file any objections with the Clerk of the District Court within the ten-day**

**period  if that party wants to have appellate review of the proposed findings and**

**recommended disposition.  If no objections are filed, no appellate review will be allowed.**


_____

UNITED STATES MAGISTRATE JUDGE